BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**AMY E. POTTER**
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon  97401-2708
Telephone:     541-465-6771
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:18-cv-02114-MA** |
| **Plaintiff,** | |
| **v.** | **COMPLAINT,** *in rem*, **FOR FORFEITURE** |
| **$85,209.00 US Currency,** **$49,758.53 US Currency,** **$33,122.58 US Currency, and** **2.868 Bitcoins,** *in rem*, | |
| **Defendants.** | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem*

for forfeiture, alleges:

### COUNT 1

#### I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21

U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

**Complaint** *in rem* **for Forfeiture**                                                    **Page 1**

II.

Defendants, *in rem*, $85,209.00 US Currency, $49,758.53 US Currency, $33,122.58 US Currency, and 2.868 Bitcoins ($85,209.00 US Currency, et. al.), were seized in the District of Oregon, and are now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendants, *in rem*, $85,209.00 US Currency, et. al., represent proceeds traceable to an exchange for controlled substances or were used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841(a)(1) and are forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of Shafqat Mirza, Special Agent, Homeland Security Investigations, marked as Exhibit A, attached and fully incorporated herein by this reference.

COUNT 2

IV.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

V.

Defendants, *in rem*, $85,209.00 US Currency, et. al., were seized in the District of Oregon, and are now and during the pendency of this action will be within the jurisdiction of this Court.

**Complaint *in rem* for Forfeiture**                                    **Page 2**

VI.

Defendants, *in rem*, $85,209.00 US Currency, et. al., represent property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), and are forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(A), as more particularly set forth in the declaration of Shafqat Mirza, Special Agent, Homeland Security Investigations, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendants, *in rem*, $85,209.00 US Currency, et. al.; that due notice be given to all interested persons to appear and show cause why forfeiture of these defendants, *in rem*, should not be decreed; that due proceedings be had thereon; that these defendants be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: **December 10, 2018**.

BILLY J. WILLIAMS
United States Attorney


*s/ Amy E. Potter*
**AMY E. POTTER**
Assistant United States Attorney

**VERIFICATION**

I, Shafqat Mirza, declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am a Special Agent with the Homeland Security Investigations and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

<div style="margin-left:40%">

*s/ Shafqat Mirza*
**SHAFQAT MIRZA**
Special Agent
Homeland Security Investigations

</div>

**DECLARATION of SHAFQAT MIRZA**

I, Shafqat Mirza, do hereby declare:

**BACKGROUND/EXPERIENCE**

1.  I am a Special Agent (SA) with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), in Medford, Oregon. HSI is responsible for enforcing the customs laws, immigration laws, and federal criminal statutes of the United States. As a law enforcement officer of the United States, I am authorized by law to conduct investigations and to make arrests for felony and administrative offenses. I have been employed as a federal law enforcement officer since 2002 and as an HSI Special Agent since 2006. I have had training and experience in several areas of investigations related to offenses of money laundering, narcotics trafficking, fraud, and smuggling. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested and/or interviewed, and from my participation in other investigations.

2.  I have participated in hundreds of investigations at the federal, state, and local levels pertaining to narcotics trafficking and laundering drug proceeds as well as a variety of criminal activities including bulk cash smuggling, alien smuggling, fraud, illegal exportation of munitions, interstate transportation of stolen property, and wire fraud.

**PURPOSE OF THIS DECLARATION**

3.  This declaration is submitted in support of a civil complaint *in rem* for forfeiture of $85,209.00 U.S. currency, $49,758.53 U.S. currency, $33,122.58 U.S. currency, and 2.868 Bitcoins ($85,209.00 U.S. currency, et. al.) seized from Chan Woo Hwang, aka: Andrew Hwang

**Declaration of Shafqat Mirza**                                    **EXHIBIT A  Page 1**

(Hwang). Hwang is believed to be engaged in, among other things, manufacturing and distribution of marijuana and money laundering. The U.S. currency and Bitcoins seized are subject to forfeiture because they represent the proceeds of controlled substance violations, were used or intended to be used to promote and facilitate an outdoor cultivation of marijuana, and were property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), and 21 U.S.C. § 841(a)(1), and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

4.   I have personally participated in this investigation and the following information is derived from my personal observation, interviews, and review of physical evidence as well as review of reports generated by other law enforcement officials and discussions with other investigators who have personal knowledge of the matters covered in those reports, and from conversations with persons who have personal knowledge of the events described herein. I have not included all the details of the investigation, only those facts that I believe are necessary to demonstrate a probable cause to proceed with the forfeiture of the $85,209.00 U.S. currency, et. al. seized from Hwang.

5.   From my training and experience, I know that persons who obtain income from illegal sources frequently structure their financial dealings in such a manner as to conceal the source of the proceeds. These persons often conceal proceeds of their illegal activity from law enforcement in the form of U.S. currency, acquire assets, make personal expenditures, and/or use the proceeds from the illegal sources to continue the illegal activity that generates the proceeds. In addition, I know that these persons frequently evade the payment of federal income tax to the Internal Revenue Service (IRS) on the proceeds from the illegal sources by under-reporting

**Declaration of Shafqat Mirza**                                     **EXHIBIT A  Page 2**

income, mischaracterizing illegal income sources as a different legitimate source of income, and/or failing to report any sources of income by failing to file income tax returns.

6.  Persons who obtain income from illegal sources often use the following means in order to launder proceeds from the illegal activity: (1) placing titles of assets including personal residences, real property, and vehicles in the names of nominees or corporations; (2) placing bank accounts in the names of nominees or corporations for the use of funneling money; (3) negotiating and purchasing other assets, but using other persons to finalize and sign contracts and to deliver funds used to purchase the assets; and (4) using currency for payment of debts and the purchase of assets rather than credit cards and bank accounts.

## SUMMARY OF THE INVESTIGATION

7.  On July 17, 2018, Oregon State Police (OSP) Detective Travis Lee, who works in Grants Pass, Oregon, was advised of an arrest warrant out of Washington County for Chan Woo Hwang for the violations of sexual abuse and rape of a minor. Hwang was believed to be residing at Harris Road, Grants Pass.

8.  On the same day, at approximately 12:45 p.m., after confirming the warrant, OSP detectives contacted Hwang at his residence located at Harris Road. Detectives could clearly see marijuana plants growing on Hwang's property from the road and while standing in his driveway. Hwang was on the other side of a locked gate. Hwang was advised that OSP detectives were there to conduct a compliance check for the marijuana plants on his property. Hwang stated he would cut the plants down. Detectives asked why he would do so if he followed the marijuana laws for the State of Oregon. Hwang stated he did not know the laws in Oregon for the number of plants he could possess. Hwang was asked and stated he did not have licenses to grow marijuana on his property. Hwang was advised by OSP detectives that, if he did not have any

**Declaration of Shafqat Mirza**                                        **EXHIBIT A  Page 3**

licenses through the Oregon Liquor Control Commission (OLCC), Oregon Medical Marijuana

Program (OMMP), or the Department of Agriculture, Oregon law allowed the possession of four

marijuana plants recreationally. Hwang admitted he did not possess any licenses to grow and that

he would cut all the marijuana plants down. Detectives asked Hwang to open the gate, so they

could determine how many marijuana plants there were and to have a face to face conversation

about that. Hwang lied and stated he did not know where the key to open the gate was.

Detectives asked Hwang how many marijuana plants he had on his property to which he

admitted to having nineteen marijuana plants. Hwang was advised that detectives could apply for

a search warrant since they could see in plain view that he had more than the legal limit of four

marijuana plants. Hwang then said he would go get the key from inside the residence and open

the gate.

9.   On July 17, 2018, at approximately 1:00 p.m., Hwang opened the locked gate of his

property and was immediately arrested by detectives per the arrest warrant issued in Washington

County. Detectives transported Hwang to the OSP station in Grants Pass.

10. Detectives asked Hwang if he wanted to take his wallet or cell phone with him.

Hwang again lied to detectives by claiming that he had lost his cell phone.

11. At the OSP station, Hwang was advised his Miranda rights after which he

immediately requested an attorney and all questioning ceased.

12. Hwang later requested that the detectives retrieve his cell phone and wallet so that he

could retrieve some telephone numbers from his cell phone and contact individuals to help him

post bail. Detectives then drove Hwang back to his residence. Hwang directed the detectives to

his cell phone hidden outdoors under an orange traffic safety cone. Hwang provided the

password to unlock his cell phone as '1221' and detectives then provided numbers requested by

**Declaration of Shafqat Mirza**                                        **EXHIBIT A  Page 4**

Hwang from his cell phone. Hwang was very adamant that he wanted his cell phone left behind

at the residence because he had a lot of money in his cell phone. Hwang stated he had his Bitcoin

Wallet in his cell phone. Hwang was advised that detectives were seizing the cell phone because

they had probable cause it may contain evidence of crimes for which he was arrested.

13. At the jail, Hwang initiated contact with detectives and made statements to the fact

that he had approximately $100,000 available on his debit card that he would use to bail himself

out.

14. On July 18, 2018, detectives discovered that Hwang was speaking with a male in

California via recorded jail phone calls. During the call, Hwang referred to the male as his

brother and gave him directions to retrieve approximately $70,000 in U.S. currency hidden at his

residence in Grants Pass inside a box in a shipping container. Hwang told his brother that the

keys to the locked shipping container were hidden inside his residence in a bottle of protein

powder that was sitting on the sink.

15. On another telephone call, Hwang was heard telling the person on the line about

$60,000 in U.S. currency at his house hidden in the air conditioner unit. Hwang also told the

person on the phone that he also had approximately $20,000 in U.S. currency stored in a shed on

his property.

16. On July 18, 2018, OSP Detective Lee confirmed with OMMP, OLCC, and the

Oregon Department of Agriculture that the address located at Harris Road was not currently a

registered marijuana grow site. Detective Lee also confirmed that Chan Woo Hwang was not a

registered marijuana grower with the above-mentioned agencies.

17. On July 19, 2018, an Oregon Circuit Court search warrant for Josephine County was

executed at Harris Road, the residence associated with Hwang. During the search of the

**Declaration of Shafqat Mirza**                                        **EXHIBIT A  Page 5**

residence and property, $85,209.00 U.S. currency (hidden in several different air-conditioning vents throughout the residence in plastic bags), 7 firearms, 82 marijuana plants, digital storage devices, 3 computers, hidden security cameras, and other items believed to be evidence of the crimes of possession, delivery and manufacture of marijuana were seized. Additionally, items such as marijuana packaging materials, postal shipping boxes, scales, and packaging equipment were discovered and photographed but not seized.

### Cryptocurrency accounts

18. ICE-HSI Summons were sent to Bitstamp, xCoins, Coinbase, Chase Bank, Wells Fargo Bank, Citi Bank, and TD Bank for information relating to accounts associated with Hwang. A review of the records received from the cryptocurrency account associated with Hwang revealed 647 different transactions between October 30, 2013 and July 1, 2015, in which Hwang received payments into his cryptocurrency account from other cryptocurrency accounts. Checks of the cryptocurrency account records revealed that some of the sources of funds were associated with Darknet market places such as "Silk road" and "Agora", which are associated with drug and narcotic sales. During this period, the digital currency was frequently converted to U.S. Currency and deposited into a Citibank account ending in 6604 or a TD Bank account ending in 2772.

19. On March 21, 2015, cryptocurrency account records associated with Bitstamp, one of the cryptocurrency accounts associated with Hwang, flagged and banned Hwang's account from further transactions for suspicious activity. Bitstamp noticed Hwang trading large amounts of Bitcoin. Bitstamp asked Hwang the source of his funds, and according to a Bitstamp report, "he lied to us and said he has been a long-term investor." Bitstamp conducted a review of Hwang's block-chain activity, which indicated Hwang was not truthful. Bitstamp reported that they had

**Declaration of Shafqat Mirza**                                              **EXHIBIT A  Page 6**

initiated an investigation into the accounts associated with Hwang. Bitstamp staff noted in their report their suspicion, that because of the "huge change" and increase in the activity associated with Hwang's account, he was either laundering money or involved in other illegal activity.

20. On June 17, 2015, Hwang initiated a withdrawal in the amount of $63,578.22 US linked to a Chase bank account ending in 8791. On June 30, 2015, Bitstamp rejected his withdrawal request. Hwang was asked to convert his funds back to Bitcoins and withdraw the whole amount from his Bitstamp account. On July 1, 2015, it appeared from the review of the records, that 239.30881088 Bitcoin were withdrawn from the Bitstamp account associated with Hwang. The Bitcoin were turned into currency.

21. Records received from another cryptocurrency account provider, Coinbase, revealed similar information to the Bitstamp account. The Coinbase account was created on October 30, 2013, and transactions continued through July 1, 2015. The Coinbase and Bitstamp records appeared to be similar because both cryptocurrency exchange providers appeared to be linked together. In my experience with cryptocurrency, Coinbase is used as an entry level exchange and is limited in the different cryptocurrencies that can be purchased or traded. Other exchange providers such as Bitstamp allow purchase or investment of a larger variety of cryptocurrencies that may not be offered by Coinbase.

22. During the execution of the search warrant, law enforcement located a card that contained numbers and a series of words. The card read "Trezor The Bitcoin Safe Recovery Seed." I know, based on my training and experience and speaking with other law enforcement officers, that digital or cryptocurrency accounts are assigned "seeds," also referred to as a password, to access the account. The "Recovery Seed" document was seized because there was sufficient probable cause to believe U.S. currency was also hidden in the cryptocurrency

**Declaration of Shafqat Mirza**                                                  **EXHIBIT A  Page 7**

accounts, based on the discovery of large sums of U.S. currency hidden in various locations on

the property, the number of marijuana plants being grown on the property, and the discovery of

drug weighing, packaging, and shipping evidence discovered at the residence. Based on the

numbers and words on the accounts, it appeared Hwang had two cryptocurrency accounts. A

state search warrant was obtained to transfer the cryptocurrency to a law enforcement-controlled

wallet. When the accounts were accessed, 2.868 Bitcoins were seized and transferred to a law

enforcement controlled wallet. In his administrative claim for this asset, Hwang indicated he

purchased the Bitcoin from LocalBitcoins.com.

**Bank accounts**

23. Since Hwang's Bitstamp account was closed, it appears that the majority of Hwang's

financial transactions were in cash and traditional bank accounts. During July 2018, investigators

served Oregon State legal documents to freeze accounts held by Hwang with Citi Bank ending in

6604, Chase Bank ending in 8791, and Wells Fargo Bank ending in 0030 and 8889.

24. Investigators reviewed the records associated with those accounts and are continuing

to analyze the account activity. The records reviewed thus far show that the Citibank account

ending in 6604 received transfers from the Coinbase account totaling $242,763. Hwang

transferred $46,000 from the Citibank account to the Chase account ending in 8791. He used

funds from the Chase account to purchase a property in California that was later sold for a profit.

The profits from the sale of that the property were deposited into the Wells Fargo account ending

in 8889.

25. On July 24, 2018, investigators discovered Hwang had made a recorded jail phone

call to a male advising the male that he had $80,000 between his Chase and Citibank accounts.

**Declaration of Shafqat Mirza**                                          **EXHIBIT A  Page 8**

26. On August 1, 2018, investigators learned from recorded jail calls by Hwang to his brother in California that Hwang had given his brother power of attorney to withdraw all funds within all his bank accounts as soon as possible.

27. On August 8, 2018, Josephine County Circuit Court seizure warrants were served at Chase Bank, Citibank N.A., Wells Fargo Bank, and TD Bank N.A for accounts associated with Hwang. TD Bank never responded to the state seizure warrant.

28. On August 15, 2018, a Cashier's Check from Chase Bank in the amount of $33,122.58 was received by investigators with the Oregon State Police.

29. On August 21, 2018, a Cashier's Check from Citibank, N.A. in the amount of $49,758.53 was received by investigators with the Oregon State Police.

30. Based on information provided by other investigators in this and other current investigations associated with Hwang, investigators have not been able to determine any source of income or any employment for Hwang. Washington County Sheriff's Office Detective Robert Rookhuyzen, who is conducting a separate investigation on Hwang, advised that Hwang may have worked for a marijuana dispensary, however no evidence of such employment has been confirmed by investigators. No employment records such as paychecks or pay statements were located during the search warrant at the residence associated with Hwang.

31. I also know, based on my knowledge and experience and in speaking with other investigators in this investigation, that Oregon recreational marijuana laws allow a person to grow and have four marijuana plants for their own use. I have also been advised by other investigators in this investigation that Hwang does not possess a current Oregon Medical Marijuana Program card. Based on this information, Hwang was only allowed to grow and possess four marijuana plants on his property while, on July 19, 2018, investigators located 86

**Declaration of Shafqat Mirza**                                              **EXHIBIT A  Page 9**

marijuana plants on the property. Out of 86 marijuana plants located, investigators seized all but

4 plants, per Oregon Recreation Marijuana laws.

32. In addition to the 86 marijuana plants, the marijuana packaging materials, postal

shipping boxes, scales, and packaging equipment indicate the marijuana was being grown to be

sold and potentially shipped to the purchasers.

33. Based on the aforementioned information, I believe probable cause exists to conclude

that $85,209.00 U.S. currency hidden in air-conditioning vents, $49,758.53 U.S. currency from

an account with Citibank, N.A., $33,122.58 U.S. currency from an account with Chase Bank,

and 2.868 in Bitcoins seized from Chan Woo Hwang, aka: Andrew Hwang, represent proceeds

of controlled substance violations, were used or intended to be used to promote and facilitate an

outdoor cultivation of marijuana and that were property involved in money laundering in

violation of 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i), and 21 U.S.C. § 841(a)(1), and

are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1) and 21 U.S.C. § 881(a)(6).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28

U.S.C. §1746.

Executed this 10th day of December 2018.

_s/ Shafqat Mirza_
Shafqat Mirza
Special Agent
Homeland Security Investigations

**Declaration of Shafqat Mirza**                    **EXHIBIT A  Page 10**

# CIVIL COVER SHEET

✎JS 44   (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❐ 1   U.S. Government
Plaintiff

❐ 3   Federal Question
(U.S. Government Not a Party)

❐ 2   U.S. Government
Defendant

❐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated and Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product | ❐ 625 Drug Related Seizure | 28 USC 157 | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment | ❐ 320 Assault, Libel & | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 460 Deportation |
| & Enforcement of Judgment | Slander | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 470 Racketeer Influenced and |
| ❐ 151 Medicare Act | ❐ 330 Federal Employers' | ❐ 650 Airline Regs. | ❐ 830 Patent | Corrupt Organizations |
| ❐ 152 Recovery of Defaulted | Liability | ❐ 660 Occupational | ❐ 840 Trademark | ❐ 480 Consumer Credit |
| Student Loans | ❐ 340 Marine | Safety/Health | | ❐ 490 Cable/Sat TV |
| (Excl. Veterans) | ❐ 345 Marine Product | ❐ 690 Other | | ❐ 810 Selective Service |
| ❐ 153 Recovery of Overpayment | Liability | | | ❐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle | ❐ 710 Fair Labor Standards | ❐ 861 HIA (1395ff) | ❐ 875 Customer Challenge |
| ❐ 190 Other Contract | Product Liability | Act | ❐ 862 Black Lung (923) | 12 USC 3410 |
| ❐ 195 Contract Product Liability | ❐ 360 Other Personal | ❐ 720 Labor/Mgmt. Relations | ❐ 863 DIWC/DIWW (405(g)) | ❐ 890 Other Statutory Actions |
| ❐ 196 Franchise | Injury | ❐ 730 Labor/Mgmt.Reporting | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| | | & Disclosure Act | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |

| **PERSONAL INJURY** | | |
|---|---|---|
| ❐ 362 Personal Injury - Med. Malpractice | | |
| ❐ 365 Personal Injury - Product Liability | | |
| ❐ 368 Asbestos Personal Injury Product Liability | | |
| **PERSONAL PROPERTY** | | |
| ❐ 370 Other Fraud | | |
| ❐ 371 Truth in Lending | | |
| ❐ 380 Other Personal Property Damage | | |
| ❐ 385 Property Damage Product Liability | | |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | FEDERAL TAX SUITS | |
|---|---|---|---|---|
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate | ❐ 870 Taxes (U.S. Plaintiff | ❐ 893 Environmental Matters |
| ❐ 220 Foreclosure | ❐ 442 Employment | Sentence | or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ | **Habeas Corpus:** | ❐ 871 IRS—Third Party | ❐ 895 Freedom of Information |
| ❐ 240 Torts to Land | Accommodations | ❐ 530 General | 26 USC 7609 | Act |
| ❐ 245 Tort Product Liability | ❐ 444 Welfare | ❐ 535 Death Penalty | | ❐ 900Appeal of Fee Determination |
| ❐ 290 All Other Real Property | ❐ 445 Amer. w/Disabilities - | ❐ 540 Mandamus & Other | | Under Equal Access |
| | Employment | ❐ 550 Civil Rights | | to Justice |
| | ❐ 446 Amer. w/Disabilities - | ❐ 555 Prison Condition | | ❐ 950 Constitutionality of |
| | Other | | | State Statutes |
| | ❐ 440 Other Civil Rights | | | |

| IMMIGRATION | |
|---|---|
| ❐ 462 Naturalization Application | |
| ❐ 463 Habeas Corpus - Alien Detainee | |
| ❐ 465 Other Immigration Actions | |

## V. ORIGIN   (Place an "X" in One Box Only)

❐ 1 Original Proceeding   ❐ 2 Removed from State Court   ❐ 3 Remanded from Appellate Court   ❐ 4 Reinstated or Reopened   ❐ 5 Transferred from another district (specify)   ❐ 6 Multidistrict Litigation   ❐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ❐ Yes   ❐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____